**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Aleister Turney, | No. CV-17-00209-TUC-CKJ |
|---|---|
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court is Petitioner Aleister Turney's Petition for Writ of Habeas Corpus (Doc. 1). Respondents filed a Limited Answer (Docs. 13-15) and Petitioner a Reply (Doc. 17). On December 17, 2018, Magistrate Judge Lynnette C. Kimmins issued a Report and Recommendation ("R&R") (Doc. 18) in which she recommended the District Court dismiss with prejudice Petitioner's Petition (Doc. 1) as time-barred. Petitioner has filed an objection (Doc. 22) and Respondents a response to that objection (Doc. 23). After its independent review, the Court **dismisses with prejudice** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) as time-barred.

*1. Standard of Review*

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Further, under 28 U.S.C. § 636(b)(1), if a party makes a timely objection to a magistrate judge's recommendation, then this Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." The statute does

not "require [] some lesser review by [this Court] when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). Rather, this Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Id.* at 149.

2. *Factual and Procedural Background*

In 2012, Petitioner pled guilty to attempted sexual conduct with a minor (Count I) and molestation of a child (Count II). During Petitioner's plea colloquy, the court stated: "The plea agreement explains as to Count II you'll be in prison for ten years at the DOC. I assume that's early release one for seven." (Doc. 14, pg. 23). In response, Petitioner's trial counsel stated, "Yes, your Honor." *Id.* Subsequently, Petitioner was sentenced to ten years of imprisonment, with 212 days credit for time served, commencing on October 29, 2012. At Petitioner's sentencing hearing the court stated: "As to Count II, it is the judgment of the Court that you're guilty of Count II, molestation of a child, a class 2 felony and dangerous crime against children in the first degree. And it is ordered as a consequence the stipulated term of 10 years in the Department of Corrections, with presentence incarceration credit now of 212 days, with the customary 85 percent, that's one for seven, as calculated by the DOC." (Doc. 14, pg. 44).

Despite the sentencing court's statements, Petitioner's plea agreement did not reflect any mention of the "customary 85 percent" raised by the court during Petitioner's sentencing hearing. In December 2012, Petitioner filed a Notice of Post-Conviction Relief ("PCR") alleging a claim of ineffective assistance of counsel. Petitioner was assigned PCR counsel who reviewed Petitioner's trial file and relevant transcripts. On September 18 2013, Petitioner's PCR counsel stated that she could find no colorable claims and requested that Petitioner be permitted additional time to file a pro-se petition. That request was granted, and Petitioner had until November 7, 2013 to file a pro-se petition. Petitioner failed to file a pro-se petition prior to the deadline and his PCR proceeding was dismissed on November 21, 2013.

On June 26, 2014, Petitioner filed another PCR proceeding. However, this time, Petitioner did not advance a claim of ineffective assistance of counsel, but rather contended

that there were issues with his sentencing. The court summarily dismissed that PCR proceeding because there was "no colorable claim" and because it was untimely. (Doc. 15, pg. 55). In June 2016, Petitioner filed a Motion for Clarification of Sentence and Plea. (Doc. 14, pg. 53). In that Motion, Petitioner claimed that an amended plea agreement should be signed to reflect his eligibility for release at 85% of his sentence. The Court denied Petitioner's Motion as untimely. (Doc. 14, pg. 63). Petitioner then filed a Petition for Special Action with the Arizona Court of Appeals alleging that he had secured a plea for an 85% sentence, but the court declined to accept jurisdiction. Petitioner then appealed to the Arizona Supreme Court, which denied Petitioner's Petition for Review. Petitioner then filed the pending Habeas Petition in May 2017 claiming that the Department of Corrections was refusing to acknowledge the trial judge's order to release Petitioner after serving 85% of his sentence. Petitioner also alleges that his plea of guilty was not knowingly or voluntarily made.

*3. Discussion*

The R&R concludes that Petitioner's habeas petition is time-barred because it violates the relevant statute of limitations. On March 4, 2019, Petitioner filed a Response to the pending R&R. (Doc. 22). The Court notes that although Petitioner raises several objections in his Response, none are direct objections to the pending R&R and are, rather, attempts to relitigate the merits of his underlying case.

The statute of limitations governing timely habeas petitions is codified in 28 U.S.C. § 2244. More specifically, § 2244(d)(1)(A) provides: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court" and that the period shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner was sentenced on October 29, 2012 and timely filed a post-conviction relief ("PCR") petition on December 11, 2012. That petition was dismissed on November 22, 2013. Petitioner had thirty-five (35) days to petition for review of that dismissal but neglected to do so. The judgment then became final on December 27, 2013.

Absent tolling, the one-year limitations period expired on December 28, 2014. Petitioner filed his pending habeas petition in May 2017, far exceeding the December 2014 deadline.

However, an untimely habeas petition is not prohibited if the statute of limitations was properly tolled. The relevant statute provides: "[t]he time during which a **properly** filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). It is well established that "untimely filed state post-conviction petitions do not toll the one-year statute of limitations for filing federal habeas petitions." *Ruffin v. Helling*, 207 F. App'x 848, 850 (9th Cir. 2006). Therefore, despite this provision, the relevant statute of limitations was not tolled in Petitioner's case because, excluding his first PCR petition, none of his subsequent PCR petitions were properly filed and Petitioner's habeas petition is time-barred.

Although the R&R also discusses Petitioner's argument that he is entitled to equitable tolling, Petitioner neglects to raise a specific objection to that portion of the R&R. Furthermore, the R&R also discusses whether the statute of limitations was tolled by Petitioner's possible inability to discover the factual basis for his claim pursuant to § 2244(d)(1)(D). However, Petitioner was aware that the plea agreement did not include a provision providing him with an 85% sentence as early as June 2014 when he filed his second PCR petition. Notably, Petitioner neglects to raise objections that his habeas petition was timely filed, that § 2244(d)(2) tolling should apply, or that equitable tolling is proper. With respect to a possible time-bar, Petitioner makes only one argument, that a miscarriage of justice exception should apply.

More specifically, Petitioner writes:

> The Court in it's [sic] Report and Recomendation [sic] hammers away at Petitioner being time bared [sic] in seeking relief. Because of the actions or inactions on the part of the state and defense attorneys [sic] negligence, Petitioner asserts a Federal Habeas court may invoke a miscarriage of justice exception to justify consideration of claims defaulted in state court under state timeline rules.

(Doc. 22, pg. 11).

- 4 -

Despite Petitioner's invocation of the "miscarriage of justice" exception, that exception is inapplicable. Generally, "the miscarriage of justice exception is limited to those extraordinary cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt.*" Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008). *See also Gage v. Chappell*, 793 F.3d 1159, 1166 (9th Cir. 2015) (there is a "narrow exception allowing federal courts to consider the merits of certain procedurally defaulted habeas petitions asserting constitutional violations, if those petitions also include compelling showings of actual innocence"); *Vosgien v. Persson*, 742 F.3d 1131, 1136 (9th Cir. 2014) ("[w]here, as here, a habeas petitioner does not claim actual innocence as to certain convictions, it can hardly be said that there has been a 'fundamental miscarriage of justice' if he remains unable to challenge them due to his own procedural default"). Petitioner acknowledges that the exception applies "applies in cases of actual innocence." (Doc. 22, pg. 11). However, Petitioner advances no argument that he was innocent of his underlying crimes.

Despite Petitioner's fervent arguments in his Response to the R&R, Petitioner is not permitted to attempt to relitigate the underlying issues in his case by including them in his Response. Ultimately, Plaintiff's pending habeas petition is untimely, and Petitioner has advanced no argument otherwise.

*4. Motion to Appoint Counsel*

Also pending before the Court is Petitioner's Motion to Appoint Counsel. (Doc. 21). Petitioner requests the Court assist him by appointing counsel to support him with the pending litigation because his imprisonment greatly limits his ability to pursue his case. It is well established that "[g]enerally, a person has no right to counsel in civil actions." *Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009). This concept also extends to habeas actions. *See Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993) ("Clearly, there is no constitutional right to counsel on habeas"). Counsel is generally only appointed in exceptional circumstances, based in part on "the ability of the plaintiff to articulate his claims in light of their complexity." *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir.

1990). There are no exceptional circumstances present in this case and Petitioner has appeared to have done an admirable job articulating his claims without the aid of counsel. Therefore, Petitioner is not entitled to counsel and the Court finds no reason to appoint counsel at this time.

5. *Certificate of Appealability*

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issues a certificate of appealability because reasonable jurists would not find it debatable whether Petitioner's claims are untimely. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

Accordingly, IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **dismissed with prejudice**.
2. Petitioner's Motion to Appoint Counsel (Doc. 21) is **denied**.
3. The Clerk of Court shall close its file in this matter.
4. The Clerk of Court shall not issue a certificate of appealability in this matter.

Dated this 26th day of August, 2019.

*/s/ Cindy K. Jorgenson*
Honorable Cindy K. Jorgenson
United States District Judge